# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re: HERNANDEZ, ELIZABETH § Case No. 15-35464-TAB
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on October 19, 2015. The undersigned trustee was appointed on October 19, 2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of        $     6,612.14

| | |
|---|---:|
| Funds were disbursed in the following amounts: | |
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 10.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]    $ | 6,602.14 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 08/01/2016 and the deadline for filing governmental claims was 08/01/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,411.21. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,248.03, for a total compensation of $1,248.03.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/19/2017          By: /s/EUGENE CRANE
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 15-35464-TAB  
**Case Name:** HERNANDEZ, ELIZABETH  

**Trustee:** (330350)   EUGENE CRANE  
**Filed (f) or Converted (c):** 10/19/15 (f)  
**§341(a) Meeting Date:** 12/08/15  

**Period Ending:** 07/19/17  

**Claims Bar Date:** 08/01/16

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 2635 S Keeler Ave, Chicago, IL 60623-4327 Single<br>    Imported from original petition Doc# 15<br>Filed MT to Abandon due to request from lien holder;<br>Order entered on 06/14/2017 | 76,000.00 | 0.00 | OA | 0.00 | FA |
| 2 | Checking Accoount at Bank of America<br>    Imported from original petition Doc# 15; Exemption:<br>Checking Accoount at Bank of America  -  Amount:<br>6.00 | 6.00 | 0.00 | | 0.00 | FA |
| 3 | Household Furnishings<br>    Imported from original petition Doc# 15; Exemption:<br>Household Furnishings  -  Amount: 640.00 | 640.00 | 0.00 | | 0.00 | FA |
| 4 | Clothing at home<br>    Imported from original petition Doc# 15; Exemption:<br>Clothing at home  -  Amount: 200.00 | 200.00 | 0.00 | | 0.00 | FA |
| 5 | 401K<br>    Imported from original petition Doc# 15; Exemption:<br>401K  -  Amount: 3142.12 | 3,142.12 | 0.00 | | 0.00 | FA |
| 6 | Child Support<br>    Imported from original petition Doc# 15; Exemption:<br>Child Support  -  Amount: 500.00 | 500.00 | 0.00 | | 0.00 | FA |
| 7 | 2014 Tax Refund<br>    Imported from original petition Doc# 15; Exemption:<br>2014 Tax Refund  -  Amount: 3354.00 | 4,359.00 | 1,005.00 | | 0.00 | FA |
| 8 | 2008 Chevy Blazer<br>    Imported from original petition Doc# 15; Exemption:<br>2008 Chevy Blazer  -  Amount: 2400.00 | 6,745.00 | 405.00 | | 0.00 | FA |
| 9 | Wrongful Termination Lawsuit<br>    Value unknown at this point as of 3/31/2016. Lawsuit<br>listed on SOFA.  Special counsel made demand for<br>$85,000 gross as of 09/06/2016.  Settlement reached<br>Jan. 2017; Gross $20,000 | Unknown | 85,000.00 | | 6,612.14 | FA |
| 9 | **Assets    Totals** (Excluding unknown values) | **$91,592.12** | **$86,410.00** | | **$6,612.14** | **$0.00** |

Printed: 07/19/2017 03:33 PM    V.13.30

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

**Case Number:** 15-35464-TAB  
**Case Name:** HERNANDEZ, ELIZABETH  

**Period Ending:** 07/19/17

**Trustee:** (330350) EUGENE CRANE  
**Filed (f) or Converted (c):** 10/19/15 (f)  
**§341(a) Meeting Date:** 12/08/15  
**Claims Bar Date:** 08/01/16

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

**Major Activities Affecting Case Closing:**

03/07/2017: MT to accept settlement approved by Order of Court; Peraica, special counsel, will withdraw his claim (dk)

01/25/2017: Filed MT to Accept Settlement and objection to Attorney's claim(dk)

11/15/2016: Will accept offer and file MT to Accept Settlement (dk)

11/01/2016: Rec'd a settlement offer via special counsel for $20,000.00 (dk)

09/06/2016: Special Counsel made written demand of BofA for $85,000 gross settlement (dk)

09/01/2016: Special Counsel contacted Ttee regarding demand for settlement and settlement conference per Circuit Court Order . (dk)

04/28/2016: Filed initial report of assets (dk)

02/10/2016: Motion to Employ CHSW&C; Motion to Employ Special Counsel approved by BK Court (dk)

01/15/2016: Filed MT to Extend Time to Object to Discharge, hg on 01/26 (dk)

01/14/2016: No Asset report withdrawn.  Atty called there is a wrongful termination lawsuit pending (dk)

**Initial Projected Date Of Final Report (TFR):** December 31, 2018     **Current Projected Date Of Final Report (TFR):** December 31, 2018

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 15-35464-TAB | | Trustee: | EUGENE CRANE (330350) |
|---|---|---|---|---|
| Case Name: | HERNANDEZ, ELIZABETH | | Bank Name: | Rabobank, N.A. |
| | | | Account: | ******0066 - Checking Account |
| Taxpayer ID #: | **-***2757 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 07/19/17 | | Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 06/21/17 | {9} | Bank of America | Proceeds from Litigation Settlement with BofA; Approved by Court Order on 03/07/2017 | 1149-000 | 2,789.87 | | 2,789.87 |
| 06/21/17 | {9} | Bank of America | Proceeds from Litigation Settlement with BofA; Approved by Court Order on 03/07/2017 | 1149-000 | 3,822.27 | | 6,612.14 |
| 06/30/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 6,602.14 |
| | | | **ACCOUNT TOTALS** | | 6,612.14 | 10.00 | $6,602.14 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 6,612.14 | 10.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | $6,612.14 | $10.00 | |

Net Receipts : 6,612.14

Net Estate : $6,612.14

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******0066** | 6,612.14 | 10.00 | 6,602.14 |
| | $6,612.14 | $10.00 | $6,602.14 |

{} Asset reference(s)

Printed: 07/19/2017 03:33 PM V.13.30

# Claims Proposed Distribution

### Case:  15-35464-TAB   HERNANDEZ, ELIZABETH

| **Case Balance:** | $6,602.14 | **Total Proposed Payment:** | $6,602.14 | **Remaining Balance:** | $0.00 |

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 83.17 | 83.17 | 0.00 | 83.17 | 73.55 | 6,528.59 |
| | <3120-00 Attorney for Trustee Expenses (Trustee Firm)> | | | | | | | |
| | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 5,971.00 | 5,971.00 | 0.00 | 5,971.00 | 5,280.56 | 1,248.03 |
| | <3110-00 Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
| | EUGENE CRANE | Admin Ch. 7 | 1,411.21 | 1,411.21 | 0.00 | 1,411.21 | 1,248.03 | 0.00 |
| | <2100-00 Trustee Compensation> | | | | | | | |
| 1 | Anthony J. Peraica & Associates Ltd | Unsecured | 8,719.63 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Claim Memo:   Peraica withdrew claim per Court Order on 07/05/17. | | | | | | | |
| | **Total for Case 15-35464 :** | | **$16,185.01** | **$7,465.38** | **$0.00** | **$7,465.38** | **$6,602.14** | |

### CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| **Total Administrative Claims :** | $7,465.38 | $7,465.38 | $0.00 | $6,602.14 | 88.436757% |
| **Total Unsecured Claims :** | $8,719.63 | $0.00 | $0.00 | $0.00 | 0.000000% |

**TRUSTEE'S PROPOSED DISTRIBUTION**   Exhibit D

Case No.: 15-35464-TAB
Case Name: HERNANDEZ, ELIZABETH
Trustee Name: EUGENE CRANE

**Balance on hand:**   $ 6,602.14

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors:   $ 0.00
Remaining balance:   $ 6,602.14

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - EUGENE CRANE | 1,411.21 | 0.00 | 1,248.03 |
| Attorney for Trustee, Fees - Crane, Heyman, Simon, Welch & Clar | 5,971.00 | 0.00 | 5,280.56 |
| Attorney for Trustee, Expenses - Crane, Heyman, Simon, Welch & Clar | 83.17 | 0.00 | 73.55 |

Total to be paid for chapter 7 administration expenses:   $ 6,602.14
Remaining balance:   $ 0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $ 0.00
Remaining balance:   $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims:   $         0.00
Remaining balance:   $         0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Anthony J. Peraica & Associates Ltd | 0.00 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims:   $         0.00
Remaining balance:   $         0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims:   $         0.00
Remaining balance:   $         0.00

**UST Form 101-7-TFR (05/1/2011)**

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

                 Total to be paid for subordinated claims: $   0.00
                 Remaining balance:         $   0.00

**UST Form 101-7-TFR (05/1/2011)**